IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FREDDIE LEE WILLIAMSON,

      Plaintiff,                      No. CIV S-11-1079 JAM EFB P

    vs.

M.L. MARTINEZ, et al,

      Defendants.              ORDER

                             /

       Plaintiff filed this pro se civil rights action under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.    Request to Proceed In Forma Pauperis**

       Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 9. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

////

////

1

## II. Screening Order

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Liberally construed, and for the limited purposes of § 1915A screening, the complaint states a cognizable Eighth Amendment claim against defendants Martinez and Busig based on their alleged use of excessive force on January 9, 2010.

However, the complaint does not state a claim against defendants Flores or Swarthout.

////

Plaintiff alleges "Facility C. Flores Correctional Lieutenant and Gary Swarthout Warden share responsibility in the actions of their officers and made no attempt in correcting their officer's behaviour." Compl. § IV. Plaintiff does not allege that either Flores or Swarthout were present during the alleged use of excessive force, or were otherwise personally involved, through their own individual actions, in violating plaintiff's federal rights. Rather, it appears that plaintiff seeks to impose liability on defendants Flores and Swarthout simply because of their supervisory roles. Claims against these defendants will therefore be dismissed with leave to amend.

Plaintiff may proceed forthwith to serve defendants Martinez and Busig and pursue his claims against only those defendants or he may delay serving any defendant and attempt to state a cognizable claim against defendants Flores and Swarthout.

If plaintiff elects to attempt to amend his complaint he has 30 days so to do. He is not obligated to amend his complaint. However, if plaintiff elects to proceed forthwith against defendants Martinez and Busig against whom he has stated a cognizable claim for relief, then within 30 days he must return materials for service of process enclosed herewith. In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendants Flores and Swarthout, without prejudice.

Any amended complaint must adhere to the following requirements:

Any amended complaint shall identify each defendant in both the caption and the body of the amended complaint, and clearly set forth the allegations against each such defendant. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, any amended complaint must include "a short and plain statement of the claim" showing entitlement to relief. Fed. R. Civ. P. 8(a)(2).

Any amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

It must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must

contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson*, 588 F.2d at 743-44 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff must pay the statutory filing fee of $350 for this action. All payments shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Claims against defendants Flores and Swarthout are dismissed with leave to amend. Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obligated to amend his complaint.

4. The allegations in the pleading are sufficient at least to state cognizable claims against defendants Martinez and Busig. *See* 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the complaint filed April 21, 2011, two USM-285 forms and instructions for service of process on defendants Martinez and Busig. Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and three copies of the April 21, 2011 complaint. The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendants Martinez and Busig will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure. In this event, the court will

1 construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective
2 claims against Defendants Flores and Martinez without prejudice.
3    5.  Failure to comply with this order will result in a recommendation that this action be
4 dismissed.
5 Dated: January 4, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FREDDIE LEE WILLIAMSON,

        Plaintiff,                    No. CIV S-11-1079 JAM EFB P

    vs.

M.L. MARTINEZ, et al,

        Defendants.             <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

                               /

       In accordance with the court's order filed _____, plaintiff hereby elects to:

       (1) _____ consent to the dismissal of defendants Flores and Swarthout without prejudice, and submits the following documents:

            <u> 1 </u>      completed summons form

            <u> 2 </u>      completed forms USM-285

            <u> 3 </u>      copies of the April 21, 2011 Complaint

**<u>OR</u>**

       (2) _____ delay serving any defendant and files an amended complaint in an attempt to state cognizable claims against defendants Flores and Swarthout.

Dated:

                                                                    Plaintiff