IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FREDDIE LEE WILLIAMSON,

    Plaintiff,                     No. 2:11-cv-1079 JAM EFB P

    vs.

M.I. MARTINEZ, et al.,

    Defendants.                <u>FINDINGS AND RECOMMENDATIONS</u>

                                 /

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. He alleges that defendants Martinez and Busig ("defendants") violated his Eighth Amendment rights by using excessive force on January 9, 2010. Defendants move to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b), on the ground that plaintiff failed to exhaust administrative remedies for his claim against Busig.[1] Dckt. No. 38. Plaintiff opposes defendants' motion, Dckt. No. 40, and defendants have filed a reply, Dckt. No. 41. For the following reasons, defendants' motion must be granted.

////

---

[1] Defendants' motion, originally filed on April 2, 2012, was re-filed and re-served on August 7, 2012, in accordance with the court's July 25, 2012 order. *See* Dckt. No. 30 (directing defendants to re-serve the motion along with the notice to plaintiff required by *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012)).

1

## I.     Exhaustion under the PLRA

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions [under section 1983 of this title] until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "Prison conditions" subject to the exhaustion requirement have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prison . . . ."  18 U.S.C. § 3626(g)(2); *Smith v. Zachary*, 255 F.3d 446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d Cir. 2002).  To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint, but need only provide the level of detail required by the grievance system itself.  *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case").

Prisoners who file grievances must use a form provided by the California Department of Corrections and Rehabilitation, which instructs the inmate to describe the problem and outline the action requested.  The grievance process, as defined by California regulations, has three levels of review to address an inmate's claims, subject to certain exceptions.  *See* Cal. Code Regs. tit. 15, § 3084.7.  Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims.  *Id.* § 3084.1(b).

Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]"  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  For a remedy to be "available," there must be the "possibility of some relief . . . ."  *Booth*, 532 U.S. at 738.  Relying on *Booth*, the Ninth Circuit has held:

////

> [A] prisoner need not press on to exhaust further levels of review once he has received all "available" remedies at an intermediate level of review or has been reliably informed by an administrator that no remedies are available.

*Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

In the Ninth Circuit, motions to dismiss for failure to exhaust administrative remedies are normally brought under Rule 12(b) of the Federal Rules of Civil Procedure. *See Albino v. Baca*, ___ F.3d. ___, 2012 U.S. App LEXIS 19871 (9th Cir. Sept. 21, 2012). Nonetheless, it remains well established that credibility of witnesses over material factual disputes cannot be resolved on paper. Thus, when ruling on an exhaustion motion requires the court to look beyond the pleadings in the context of disputed issues of fact, the court must do so under "a procedure closely analogous to summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119, n.14 (9th Cir. 2003). Doing so ensures that a process is followed to test whether disputes over facts pertaining to whether plaintiff actually exhausted available remedies are truly genuine and material and therefore warrant live testimony, or whether the dispute(s) may be disposed of by unrefuted declarations and exhibits. Therefore, following the suggestion in *Wyatt*, and because care must be taken not to resolve credibility on paper if it pertains to disputed issues of fact that are material to the outcome, the undersigned applies the Rule 56 standards to exhaustion motions that require consideration of materials extrinsic to the complaint.[2] *See Chatman v. Felker*, No. Civ. S-06-2912 LKK EFB, 2010 WL 3431806, at *2-3 (E.D. Cal. Aug. 31, 2010).

Failure to exhaust is an affirmative defense in the sense that defendants bear the burden of proving plaintiff did not exhaust available remedies. *Wyatt*, 315 F.3d at 1119. To bear this burden:

> a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process. Relevant evidence in so demonstrating would include statutes, regulations, and other official directives

---

[2] Here, defendants rely on testimonial evidence in the form of declarations from three prison officials and a documentary record to establish the facts in support of their contention that plaintiff failed to exhaust.

3

that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case . . . . With regard to the latter category of evidence, information provided [to] the prisoner is pertinent because it informs our determination of whether relief was, as a practical matter, "available."

*Brown*, 422 F.3d at 936-37 (citations omitted).

Defendants' motion to dismiss included a notice to plaintiff informing him of the requirements for opposing a motion to dismiss for failure to exhaust available administrative remedies. *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Stratton v. Buck*, 2012 U.S. App. LEXIS 19647, at *7-8 (9th Cir. Sept. 19, 2012); *Wyatt v. Terhune*, 315 F.3d 1108, 1115, 1120 n.15 (9th Cir. 2003).

**II.     Discussion**

In their motion to dismiss, defendants accurately summarize plaintiff's excessive force allegations as follows:

> On January 9, 2010, Officer Martinez ordered Williamson to place his hands on the wall and submit to a pat-down search. (Compl. 4, April 21, 2011, ECF No. 1.) At the time, Williamson was carrying a bag lunch, and Martinez ordered Williamson to place his lunch on the ground. (*Id.*)
>
> After Martinez repeatedly ordered Williamson to place his lunch on the ground, Officer Busig approached Williamson, pushed him in the back, and grabbed his lunch and threw it on the ground. (Compl. 4, April 21, 2011, ECF No. 1.) When Williamson lifted his left hand away from the wall, Officer Martinez pepper-sprayed him three times, and Officer Busig slammed Williamson to the ground. (*Id.*)

Dckt. No. 38-1 at 2.

The evidence submitted with defendants' motion to dismiss shows that plaintiff filed only one appeal (log no. CSP-S-10-00206) that is relevant to the claims raised in this lawsuit. *See* Dckt. No. 38-2, 38-3, 38-4. In that appeal, plaintiff alleged that on January 9, 2010: (1) Officer Martinez used excessive force when she pepper-sprayed plaintiff; and (2) Officer Busig grabbed plaintiff's lunch and threw it on the ground. Dckt. No. 38-2, Ex. B. Unlike the complaint in this action, the appeal contained no allegations that Busig used excessive force or that Busig pushed

4

1  plaintiff or slammed plaintiff to the ground. For this reason, defendants argue that the appeal
2  "should not be deemed to satisfy the exhaustion requirements for his Eighth Amendment claim
3  against Busig." Dckt. No. 38-1 at 4-5.
4      One of the purposes of the exhaustion requirement is to give "corrections officials an
5  opportunity to address complaints internally before allowing the initiation of a federal case."
6  *Porter*, 534 U.S. at 524-25 (noting that "[i]n some instances, corrective action taken in response
7  to an inmate's grievance might improve prison administration and satisfy the inmate, thereby
8  obviating the need for litigation."). In the complaint, plaintiff alleges that both Martinez and
9  Busig used excessive force against him. *See* Dckt. No. 1 (Complaint). In the administrative
10  appeal, however, plaintiff mentions Busig's presence during the January 9, 2010 incident, but
11  does not attribute any use of excessive force to him. *See* Dckt. No. 38-2, Ex. B (limiting
12  complaint of excessive force to alleged use of pepper spray by Martinez, claiming Martinez "has
13  a long history of pepper spraying black inmates without justifiable cause"). Moreover,
14  plaintiff's appeal only requested that action be taken against defendant Martinez. *See id.*
15  (requesting that Martinez be fined and instructed on how to communicate with inmates).
16  Plaintiff's appeal, therefore, did not provide prison officials with an opportunity to respond to
17  plaintiff's allegations that Busig pushed him in the back and slammed him to the ground. Thus,
18  the court finds that plaintiff's appeal was insufficient to put the prison on notice of plaintiff's
19  excessive force claim against defendant Busig. *See, e.g., Maldonado v. Rodriguez*, 2012 U.S.
20  Dist. LEXIS 74102, No. CIV-S-10-1944 GEB DAD P, at *8-15 (E.D. Cal. May 25, 2012)
21  (plaintiff's appeal, which mentioned both defendants Rodriguez and Green, but only alleged
22  wrongful acts of Rodriguez, was insufficient to exhaust administrative remedies with respect to
23  claim against Green); *Todd v. Lamarque*, No. C 03-3995 SBA, 2007 U.S. Dist. LEXIS 51361, at
24  *8-10 (N.D. Cal. July 2, 2007) (where plaintiff's appeal "center[ed] around the actions of one
25  person: Garcia" with "no suggestion that . . . other officers were part of the problem," and did
26  not request that "any action be taken against anyone other than defendant Garcia," plaintiff failed

5

1  to exhaust administrative remedies as to claims against other defendant officers).  Defendants
2  have therefore met their initial burden of showing that plaintiff failed to properly exhaust his
3  administrative remedies prior to commencing this lawsuit.  *See Brown*, 422 F.3d at 936-37.

4        In his opposition, plaintiff claims that by describing the January 9, 2010 "incident" in his
5  appeal, and by pursuing it through the final level of review, he satisfied the exhaustion
6  requirement as to his claims against both defendants.  Dckt. No. 40 at 1, 2, 3, 7.  In describing
7  the "incident," however, plaintiff did not include facts sufficient to alert prison officials to the
8  nature of the alleged excessive force used by defendant Busig.  *See Griffin v. Arpaio*, 557 F.3d
9  1117, 1121 (9th Cir. 2009)  (A grievance must "provide enough information . . . to allow prison
10 officials to take appropriate responsive measures.") (quoting *Johnson v. Testman*, 380 F.3d 691,
11 697 (2nd Cir. 2004)).

12       Next, plaintiff suggests that prison officials were nevertheless on notice of his claim
13 against Busig because resolution of his appeal included an interview of defendant Busig.  *Id.* at
14 4, Ex. C at 26.  However, given that plaintiff's appeal mentioned Busig's presence during the
15 January 9, 2010 incident, the fact that Busig was interviewed as part of the appeal process is
16 neither surprising nor relevant to whether plaintiff's appeal provided enough information to
17 exhaust administrative remedies for his claim against Busig.  The failure include the allegations
18 of excessive force in the administrative appeal failed to "provide enough information . . . to
19 allow prison officials to take appropriate responsive measures."  380 F.3d at 697.

20       Plaintiff also claims that he notified staff during interviews related to his appeal that
21 Busig had used excessive force.  Dckt. No. 40 at 3-4, 5, 7, Ex. C at 20.  Plaintiff submits exhibits
22 showing that Busig admitted to wrapping his arms around plaintiff's torso and placing him on
23 the ground.  *See id.* at 3, Ex. B at 17.  But regardless of whether plaintiff informed prison staff
24 about Busig's purported use of excessive force during interviews, it would not excuse his failure
25 to make those allegations in his written appeal.  *See Sapp v. Kimbrell*, 623 F.3d 813, 825 (9th
26 Cir. 2010) (issues must initially be raised in appeal at the first level of review).  Plaintiff fails to

demonstrate that the appeal itself was sufficient to alert prison staff of Busig's allegedly improper use of force. Notably, none of the prison staff's responses to plaintiff's appeal interpreted it as raising (or otherwise acknowledged) an excessive force claim against Busig. *See* Dckt. No. 38-2, Ex. B ("It is the appellant's position that . . . Martinez used unnecessary and excessive force upon his . . . person."). The fact remains that plaintiff's administrative appeal made no references to Busig's purported use of excessive force and did not request that any action be taken with respect to Busig. Therefore, plaintiff failed to properly exhaust available administrative remedies for his claim against defendant Busig.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' August 7, 2012 motion to dismiss defendant Busig for failure to exhaust administrative remedies (Dckt. No. 38) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 16, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE