UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE LEE WILLIAMSON, | No. 2:11-cv-1079-JAM-EFB P |
| Plaintiff, | |
| v. | ORDER |
| M.I. MARTINEZ, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff requests appointment of counsel. ECF No. 65. He also moves to compel defendant Martinez to provide further responses to his requests for production. ECF No. 63. Defendant opposes plaintiff's motion. ECF No. 64. Plaintiff also seeks an extension of time to file a reply to defendant's opposition, so that he can research the cases cited in defendant's opposition. ECF No. 66. As stated below, plaintiff's motions are denied.

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

/////

1

When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

Plaintiff moves to compel defendant to produce further responses to his requests for production. The only specific requests identified in plaintiff's motion are RFP Nos. 1 and 5. In response to No. 1, defendant responded that she does not have any responsive documents in her possession, custody, or control. In response to No. 5, defendant indicated that the only responsive documents had been produced. Though plaintiff argues that the documents he seeks are "relevant," he does not dispute defendant's representation that the requested documents are not in her possession, custody, or control, or that defendant has produced the only relevant documents in her possession, custody, or control. For these reasons, plaintiff's motion to compel must be denied, and his request for an extension of time to file a reply is denied as moot.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel (ECF No. 65) is denied;
2. Plaintiff's motion to compel (ECF No. 63) is denied; and
3. Plaintiff's request for an extension of time (ECF No. 66) is denied.

Dated: October 10, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2